# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>  Richard Lipetz<br><br>                    Debtor<br>Litton Loan Servicing, LP as servicing agent for Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee under the Pooling and Servicing Agreement dated as of February 1, 2007, GSAMP Trust 2007-NC1,     Movant,<br>vs.<br>Richard Lipetz,     Debtor / Respondent,<br>and<br>William C. Miller,     Trustee / Respondent. | Chapter 13<br><br>Case No.:  09-19359-ELF<br><br>Related to Document No.: 18 |

## OBJECTION OF
## LITTON LOAN SERVICING, LP AS SERVICING AGENT FOR BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC1
## TO CONFIRMATION OF CHAPTER 13 PLAN

Litton Loan Servicing, LP as servicing agent for Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee under the Pooling and Servicing Agreement dated as of February 1, 2007, GSAMP Trust 2007-NC1 ("Mortgagee"), by and through its counsel, Renee C. Royer, Esquire, hereby avers and certifies as follows (as used herein the singular shall include the plural and the masculine shall include the feminine):

   1.   Debtor is Richard Lipetz.

   2.   On December 4, 2009, Debtor filed a petition pursuant to Chapter 13 of Title 11 of the United States Code.  Debtor is the owner of the real property commonly known as 1131 Dunton Street, Philadelphia, PA  19123  (the "Property").

3. Mortgagee is a secured creditor of the Debtor by virtue of a mortgage secured by the Property.

4. Mortgagee filed a Proof of Claim on or about January 12, 2010 (claim number 8-1).

5. As more fully set forth in the aforementioned proof of claim, as of the date of the filing of the instant Chapter 13 petition, Debtor had mortgage arrears totaling $3,774.09.

6. Debtor's Chapter 13 Plan does not provide for payment of the mortgage arrears.

7. The Chapter 13 Plan does not provide for Mortgagee to receive distributions with a value equal to the allowed amount of its claim as required by 11 U.S.C. §1325(a)(5)(B)(ii).

8. The Chapter 13 Plan is not feasible.

9. Mortgagee objects to the Debtor's Chapter 13 Plan as same does not propose to cure the entire pre-petition delinquency due to Movant and thus the Plan is not feasible as filed.

10. Mortgagee hereby objects to the confirmation of the Debtor's proposed Chapter 13 Plan in the event the Debtor fails to make the regular monthly mortgage payments to the Mortgagee, outside of the Chapter 13 Plan, in accordance with the provisions of said Plan, in violation of 11 U.S.C. 1326.

WHEREFORE, Movant respectfully requests that confirmation of Debtor's plan be denied.

Respectfully submitted,
MILSTEAD & ASSOCIATES, LLC

DATED: February 4, 2010

/s/Renee C. Royer
Renee C. Royer, Esquire
Attorney ID No. 207533
Woodland Falls Corporate Park
220 Lake Drive East, Suite 301
Cherry Hill, NJ 08002
(856) 482-1400